FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 18 2012

DAVID J MALAND, CLERK
BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| UNITED STATES OF AMERICA | § |
|---|---|
| VS. | § |
| | § Cause No. 1:11-CR-142 |
| XXXXXXXXX | § (Judge Thad Heartfield) |
| XXXXXXXX | § |
| XXXXXXXXXXX | § |
| XXXXXXXXXXX | § |
| XXXXXXXXXXXXXXX | § |
| XXXXXXXXXX | § |
| XXXXXXXXXX | § |
| XXXXXXXXX | § |
| KELVIN RUCKER (6) | § |
| a/k/a "Soldier" | § |
| and | § |
| XXXXXXXXX | § |
| XXXXXXXXXXXXX | § |

4:12 mj 356
FS 4-20-12

## SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846
Conspiracy with intent to distribute
a controlled substance (cocaine
HCL).

That from on or about 2007, the exact date being unknown to the Grand Jury, and continuing thereafter until December 14, 2011, in the Eastern District of Texas and elsewhere, XXXXXXXXXXX, XXXXXXXX, XXXXXXXXXXXXX, XXXXXXXXXX, XXXXXXXX, XXXXXXXX, XXXXXXXX, XXXXXXXXX, Kelvin Rucker, a/k/a "Soldier", and XXXXXXXX, XXXXXXX defendants, did

knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury to distribute and possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely, cocaine HCL.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, all in violation of 21 U.S.C. § 846.

### Count Two

Violation: 18 U.S.C. § 1956(h)
Conspiracy to launder monetary instruments.

That from on or about, 2007 the exact date being unknown to the Grand Jury, and continuing thereafter to December 14, 2011, in the Eastern District of Texas and elsewhere, XXXXXXXXXXX, XXXXXXXX, XXXXXXXXXXXXX, XXXXXXXXXX, XXXXXXXXX, XXXXXXXXX, XXXXXXXX, XXXXXXXXXX, Kelvin Rucker, a/k/a "Soldier", and XXXXXXXX, XXXXXXX defendants, did knowingly, willfully and unlawfully conspire, combine, confederate, and agree with others known and unknown to the Grand Jury, to commit offenses against the United States, that is, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, to wit: conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of a Schedule II controlled substance, namely cocaine HCL, in violation of 21 U.S.C. § 846, knowing that the property involved represented the proceeds of some form

of unlawful activity, with the intent to conceal and disguise the nature, source, or ownership of such proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), said financial transactions being the receiving of or attempting to receive and the delivery or attempted delivery of a bulk money shipments of United States currency received from purchasers of cocaine HCL for the purpose of delivery to co-conspirators in the Southern District of Texas via transportation of the tainted proceeds through the Eastern District of Texas.

All in violation of 18 U.S.C. § 1956(h).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
## Criminal Forfeiture Pursuant to 21 U.S.C. § 853 and § 881

Upon conviction of the controlled substance offense alleged in Count One or Count Two of this indictment, defendants shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

## MONEY JUDGMENT

A sum of money equal to one-million-dollars ($1,000,000.00) in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One, conspiracy to distribute and possess with intent to distribute five kilograms of more of a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely, cocaine HCL for which the defendants are jointly and severally liable.

## REAL PROPERTY:

1) 2736 N. Alamo Road, Alamo, Texas, 88516: Being a 1.77 acre tract of land out of Lot 4, Block 48, Alamo Land and Sugar Company Subdivision, as recorded in Volume 1, Page 24, map records of Hidalgo County, Texas, and being more particularly described by metes and bounds as follows:

Beginning at a point on the West boundary line of Lot 4 for the Northwest corner of this tract of the land and the Point of Beginning, said Northwest corner bears South 08 degrees 29 minutes West, 330.0 feet from a half (½) inch iron rod found at the Northwest corner of Lot 4;

Thence South 81 degrees 31 minutes East at 40.0 feet pass a half (½) inch iron rod found at the East right of way line of Alamo Road (F.M. 907), at 660.0 feet in all to a half (½) inch iron rod found at the Northeast corner of the tract of land;

Thence South 08 degrees 29 minutes West, 117.0 feet to a half (½) inch iron rod found for the Southeast corner of this tract of land;

Thence North 81 degrees 31 minutes West at 620.0 feet pass a half (1/20 inch iron rod found at the East right of way line of said Alamo Road (F.M. 907) at 660.0 feet in all to a point on the West boundary line of said Lot 4 for the Southwest corner of this tract of land;

Thence North 08 degrees 29 minutes East, with the West boundary line of said Lot 4, a distance of 117.0 feet to the Point of Beginning, containing 1.77 acres more or less.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty.

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

By virtue of the commission of the felony offense charged in this indictment by the defendant(s) any and all interest the defendant(s) has/have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. §§ 853 and/or 881.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____
John A. Craft
Assistant United States Attorney

Date 4/18/12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § § § § § § § § § § § § § § § | Cause No. 1:11-CR-142 (Judge Thad Heartfield) |
| XXXXXXXXX XXXXXXXX XXXXXXXXXXXX XXXXXXXXXXX XXXXXXXXXXXXXXX XXXXXXXXXX XXXXXXXXXX XXXXXXXXXX KELVIN RUCKER (6) a/k/a "Soldier" and XXXXXXXXX XXXXXXXXXXXX | | |

## NOTICE OF PENALTY

### Count One

Violation: 21 U.S.C. § 841(a)(1); 21 U.S.C. § 846

Penalty: Not less than Ten (10) years nor more than Life imprisonment, a fine not to exceed $10,000,000.00, or both, and supervised release of not less than Five (5) years or more than life.

Special Assessment: $100.00